UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re China Medical Technologies, Inc. _____ Kenneth M. Krys, the Foreign Representative of China Medical Technologies, Inc., <br><br>      Appellant, <br><br>     -v- <br><br>Paul, Weiss, Rifkind, Wharton & Garrison LLP, et al., <br><br>      Appellees. | No. 15-cv-00167-RA <br><br>ECF CASE <br><br>**APPELLANT'S MOTION FOR REHEARING OR CLARIFICATION** |

  Appellant, Kenneth M. Krys, the Foreign Representative of China Medical Technologies, Inc. ("Liquidator"), moves pursuant to Fed. R. Bankr. P. 8022 for rehearing with respect to Section III of this Court's Opinion and Order, dated September 30, 2015 ("Opinion" or "Op.") [Dkt. 30], concerning work-product protection. In the alternative, Appellant requests clarification with respect to Section III of the Opinion, as further discussed below.

  **I.**  **Request for Rehearing**

  The Court found in Section II of the Opinion that Appellant, "as CMED's Liquidator, now owns and can thus waive the Audit Committee's attorney-client privilege," but stated in Section III that such ruling does not extend to Appellees'

assertion of work-product protection. Op. 22. The Court reasoned that, "even assuming that the Liquidator owns those documents for which Appellees have asserted work-product protection, he cannot waive this protection unilaterally." Op. 22-23 (relying upon *In re Suprema Specialties, Inc.*, No. 02-10823 (JMP), 2007 WL 1964852 (Bankr. S.D.N.Y. July 2, 2007), and *AP Links, LLC v. Russ*, 299 F.R.D. 7 (E.D.N.Y. 2014)).

The principle that work-product protection belongs to the attorney as well as the client, and cannot be waived by the client alone, as stated in cases such as *Suprema Specialties* and *AP Links*, is inapposite. That principle concerns an attorney's independent ability to assert work-product protection in response to a *third-party* request for production when the client has itself waived privilege. But that is not the situation here.

Rather, Paul Weiss is asserting work-product protection *against the Liquidator*, in response to a subpoena issued by the *Liquidator. See, e.g.,* Op. 2. Appellant submits that Section III of the Opinion appears to overlook this fact. And just as the Liquidator, under the reasoning of *CFTC v. Weintraub*, 471 U.S. 343 (1985), stands in the shoes of the Audit Committee with respect to attorney-client privilege, so, too, the Liquidator now stands in the shoes of the Audit Committee with respect to work-product protection.

The issue, therefore, is not whether Paul Weiss may assert work-product protection to avoid production in the face of a unilateral waiver by its client, it is whether Paul Weiss may assert work-product protection against the *Liquidator*, who now owns the client's privilege.

By overlooking the fact that Paul Weiss is asserting work-product protection against the Liquidator, Section III of the Opinion also overlooks the principle that work-product protection "may not be invoked by an attorney to withhold from a client or former client work-product created in representing that client." *See* Appellant's Reply 24, n.12, citing *Gruss v. Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013).[1] Under that principle, Paul Weiss may not assert work-product protection to keep from *the Liquidator* materials created in representing the Audit Committee.[2]

*Gruss* is but one of a long line of federal court decisions, in this district and elsewhere, recognizing that work-product protection may not be asserted by an

---

[1] The Liquidator cited *Gruss* in response to Appellees' argument that their own work-product protection has not been "extinguished." Appellees' Br. 35. Appellees, in turn, were responding to the Liquidator's argument that, "because the Audit Committee no longer exists, if it did have Privileges that do not devolve to the Liquidator, then such Privileges are now extinguished." Appellant's Br. 41.

[2] While there may be "narrow exceptions" to the principle for internal law firm documents "unlikely to be of significant value to the client," *Gruss*, 296 F.R.D. at 229, quoting *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP,* 91 N.Y.2d 30, 38 (1997), no such claim or showing has been asserted or made here. *See also Polin v. Wisehart & Koch*, No. 00-civ-9624(AGS)(MHD), 2002 WL 1033807 (S.D.N.Y. May 22, 2002).

attorney against its client. *See e.g., In re Black Diamond Mining Co.*, 507 B.R. 209, 215-18 (Bankr. E.D. Ky. 2014); *S.E.C. v. McNaul,* 277 F.R.D. 439, 444-46 (D. Kan. 2011); *M and C Corp. v. Erwin Behr GmbH and Co.*, No. 91-CV-74110-DT, 2008 WL 3066143, at *2-3 (E.D. Mich. Aug. 4, 2008); *Martin v. Valley Nat'l Bank of Ariz.*, 140 F.R.D. 291, 320-21 (S.D.N.Y. 1991).

As Magistrate Dolinger explained over twenty years ago in *Martin*, an attorney's invocation of work-product protection against its client is inconsistent with the purpose of work-product protection, as well as with Fed. R. Civ. P. 26(b)(3):

> As is evident from the reasoning of *Hickman v. Taylor* [329 U.S. 495 (1947)], the purpose of the work-product protection is to safeguard the efforts of the attorney on behalf of his client by preventing an adversary counsel from obtaining a free ride on the work of the attorney. The point of the rule is to protect the integrity of the adversary process. . . . It is therefore not surprising that the very language of Rule 26(b)(3) limits its scope to discovery efforts by another party in the context of litigation. . . . *On its face, then, the rule does not give an attorney the right to withhold work product from his own client, and in fact it has been specifically read as not requiring such a result.* . . . This result is hardly surprising in view of the evident inapplicability of the rationale for the work-product rule to an attorney's efforts to withhold the fruits of his professional labors from the client, who presumably paid for and was the intended beneficiary of those labors.

140 F.R.D. at 320 (citations omitted) (emphasis added).

The same inconsistencies arise when an attorney seeks to invoke work-product protection against a bankruptcy trustee or, as here, a court-appointed

4

liquidator. As the court explained in *Black Diamond Mining Co.*, work-product protection "naturally does not cover situations such as this, where a client—here the Trustee standing in for Black Diamond—'seeks access to documents . . . created or amassed by his attorney during the course of the representation.'" 507 B.R. at 216, quoting *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982).

The court in *Black Diamond* further explained that a contrary holding "would not merely contradict the work-product doctrine's rationale; it would frustrate the Trustee's goal of maximizing the Trust's assets on behalf of unsecured creditors." *Id*. at 217. In other words, the same bankruptcy law policies discussed in *Weintraub*[3] and recognized by this Court with respect to attorney-client privilege, Op. at 21-22, apply with equal force to work-product protection.

In sum, the Court should grant rehearing because Section III of the Opinion appears to overlook the fact that Paul Weiss is asserting work-product protection against the Liquidator standing in the shoes of its former client. The principle that

---

[3] *See Weintraub,* 471 U.S. at 353 ("In seeking to maximize the value of the estate, the trustee must investigate the conduct of prior management to uncover and assert causes of action against the debtor's officers and directors.").

work-product protection may not be invoked by an attorney against a client is controlling under these circumstances.[4]

## II. Request for Clarification

In the alternative, the Liquidator seeks clarification with respect to Section III of the Opinion in light of the Court's order remanding "for further proceedings consistent with this Court's opinion." Op. at 23. In particular, while expressly reversing the Bankruptcy Court's ruling with respect to attorney-client privilege (*see* Op. at 22), it is unclear whether the Court is upholding Appellees' assertion of work-product product protection or remanding for further consideration of that claim. The Court observed that the Bankruptcy Court Opinion addressed work-product protection "only peripherally." *Id*.

More specifically, it is unclear whether, on remand, the Liquidator has the right, consistent with the Opinion, to urge the Bankruptcy Court to order Paul Weiss to produce work-product documents on the basis discussed above—namely, that Paul Weiss may not assert work-product protection against the Liquidator

---

[4] The Court further stated in Section III of the Opinion that Appellant had not cited any cases suggesting that a client may unilaterally waive work-product protection. Op. 23. However, that was the holding in *Gruss*, which Appellant did cite. In *Gruss*, the court ruled that Gibson Dunn could not withhold work-product documents requested by the plaintiff where Gibson Dunn's former client, the defendant, waived such protection. 296 F.R.D. at 230. Similarly, in *Martin*, the court rejected a law firm's invocation of work-product protection in the face of its former client's waiver. 140 F.R.D. at 321.

because the Liquidator stands in the shoes of Paul Weiss's former client, or whether the Court perceives that issue as being foreclosed by the Opinion.

Finally, if the Court perceives the issue is foreclosed, then the Liquidator respectfully requests rehearing for the reasons discussed above. If the issue is not foreclosed, the Liquidator nevertheless submits that rehearing for further consideration of the issue by this Court would be appropriate in the interest of judicial efficiency.

## CONCLUSION

For the reasons stated, the Court should grant rehearing or, in the alternative, clarification with respect to Section III of the Opinion.

Dated: October 13, 2015                Respectfully submitted,

                                       LEWIS BAACH PLLC

                                       By: *s/ Jack B. Gordon*

                                       Eric L. Lewis
                                       Jack B. Gordon
                                       1899 Pennsylvania Ave., NW, Suite 600
                                       Washington, DC 20006
                                       Tel: 202-833-8900
                                       Fax: 202-466-5738
                                       eric.lewis@lewisbaach.com
                                       jack.gordon@lewisbaach.com

                                       *Attorneys for the Foreign Representative*